496 S.E.2d 185

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Gary K. SIMONS, Defendant Below, Appellant.**

**No. 23977.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1997.

Decided Oct. 3, 1997.

Nancy C. Ulrich, Assistant Public Defender, Clarksburg, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Scott E. Johnson, Senior Assistant Attorney General, Charleston, for the Appellee.

PER CURIAM:

This case is before this Court upon the appeal of Gary Kemper Simons, who was convicted by a jury in the Circuit Court of Harrison County of third offense driving under the influence (hereinafter "DUI"), *see W. Va.Code*, 17C–5–2(j) & (k)(3) [1995], and of driving on a revoked license for DUI. *See W.Va.Code*, 17B–4–3 [1994]. Appellant raises numerous issues primarily challenging his conviction on the charge of third offense DUI. This Court has before it the petition for appeal, all matters of record and the briefs and arguments of counsel. For reasons discussed herein, appellant's convictions are affirmed.

I.

*Appellant's Arrest*

On or about May 13, 1995, Captain Rick Miller of the Stonewood (West Virginia) Police Department observed a yellow car cross the center line into his lane of traffic on Route 98 in Harrison County. At trial, Capt. Miller testified that he considered the car to be a possible DUI and a threat to other drivers. He radioed the communication center and was directed by the Harrison County Sheriff's Department to follow the car for further probable cause and to keep the sheriff's department informed of the

car's direction until deputies could respond. According to Capt. Miller, the yellow car continued to cross the center line numerous times, approached the intersection of Route 98 and Chestnut Street and, without signaling, made a left-hand turn onto Chestnut, eventually pulling into a convenience store on Route 19. Both the appellant and his companion, Donald Jackson, testified at trial that Jackson was driving the car when it stopped at the convenience store but that it was appellant who was driving when it pulled away and proceeded on Route 19 South.

Capt. Miller testified that, in the meantime, the Harrison County Sheriff's Department had directed him to continue to observe the car because the responding deputies were still a long distance away. Capt. Miller observed the car drive away from the convenience store and continue to cross the center line on Route 19 South, which he described as "narrow, curvy and kind of hilly." When the car crossed the center line near the Clarksburg Country Club Chrysler Garage, Capt. Miller radioed the Harrison County 911 dispatcher. Sergeant Kevin Haught, the Harrison County Sheriff's Department's shift commander, directed Capt. Miller to stop the car at the first available wide spot in the road. Capt. Miller, though not then in the jurisdiction of the City of Stonewood, directed the appellant to stop. *See W. Va. Code,* 15–10–1 *et seq.,* the West Virginia Law–Enforcement Mutual Assistance Act.[1]

Capt. Miller testified that when he approached the car and requested the driver's registration, driver's license and proof of insurance, he smelled alcohol. Sgt. Haught, of the Harrison County Sheriff's Department, eventually arrived at the scene, at which time he asked the driver to step out of the driver's seat of the car. Sgt. Haught testified that he also detected the smell of alcohol on the driver's breath.

When Harrison County Sheriff's Deputy Luther Rogers, the arresting officer, arrived at the scene, he observed the appellant leaning against the car and requested his driver's license. Based upon the information he had received from Capt. Miller and Sgt. Haught, Deputy Rogers, during his trial testimony, identified the appellant as the driver of the car stopped by Capt. Miller. Deputy Rogers testified that he observed the appellant's eyes to be bloodshot and glassy and that appellant had a "distinct odor of an alcoholic beverage about his person on his breath." Deputy Rogers further testified that although appellant had some sort of speech impediment, his speech "sounded kind of slurred[.]" Appellant was eventually placed under arrest for DUI when he refused to submit to a field sobriety test. According to Deputy Rogers, as the appellant was being escorted to the police car, he "stumbled and he wasn't real steady on his feet."

Upon arriving at the Harrison County Sheriff's Department, Deputy Rogers read to the appellant the implied consent statement. The appellant signed the statement and received a copy of it. The appellant also refused two offers to submit to a breathalyzer test as well as an offer to submit to a second field sobriety test at the sheriff's department.

### Prior DUI Convictions

An investigation into this matter revealed that the appellant had twice pleaded nolo contendere to DUI in the State of Florida. At trial, the State introduced a notice to the sheriff of Volusia County, Florida indicating that "Gary Simons" was arrested on August 20, 1989 on charges of DUI, driving while license suspended and failure to maintain single lane. The notice further indicated that "Gary Simons" had pled nolo contendere to the DUI charge on October 11, 1989.[2] Though the sheriff's notice did not provide "Gary Simons'" date of birth or social security number, the attached booking report for "Gary Kemper Simons" indicated that his

---

1. At trial, appellant's counsel attempted to introduce into evidence a written mutual assistance agreement between the City of Stonewood and Harrison County. However, the agreement offered was not the agreement in effect at the time of appellant's offense. The document was therefore not admitted into evidence.

2. The notice further indicated that a *nolle prosequi* was entered on the charge of driving while license suspended and that the failure to maintain single lane charge was dismissed.

date of birth and social security number are August 21, 1941 and 205–32–1270, respectively, which are identical to those of the appellant herein. Also attached to the sheriff's notice and the booking report were the three traffic citations corresponding to the three charges on which appellant was originally arrested.

The State also introduced at trial a document identified as "judgment and sentence," indicating that on July 26, 1993, "Gary Simons" entered a plea of nolo contendere to a second charge of DUI in Volusia County, Florida. This document indicated that "Gary Simons" was also charged with driving while license suspended, for which a *nolle prosequi* was entered, and with running a red light, which was dismissed. Though the "judgment and sentence" document did not include "Gary Simons'" date of birth, the attached booking report did, as did the attached traffic citations.[3] The date of birth of "Gary Kemper Simons," as his name appears on these documents, was identical to that of the appellant herein. Furthermore, the booking report included "Gary Kemper Simons'" social security number which, likewise, is identical to the appellant's herein.

As indicated above, the appellant was convicted of third offense DUI and of driving on a revoked license for DUI. It is from these convictions that appellant now appeals.

## II.

*W.Va.Code,* 17C–5–2(k)(3) [1995],[4] in effect at the time of appellant's arrest, defined third offense DUI, in relevant part, as follows:

(k) For purposes of subsections (i) and (j)[5] of this section relating to second, third and subsequent offenses, the following

types of convictions shall be regarded as convictions under this section:

. . . .

(3) Any conviction under a municipal ordinance of this state or any other state or a statute of the United States or of any other state of an offense which has the same elements as an offense described in subsection (a), (b), (c), (d), (e), (f) or (g) of this section, which offense occurred after the tenth day of June, one thousand nine hundred eighty-three.

(footnote added). Under the above statute, two prior DUI convictions are required to obtain a conviction for third offense DUI. *Id. See State v. Barker,* 179 W.Va. 194, 199, 366 S.E.2d 642, 647 (1988); *State v. Cozart,* 177 W.Va. 400, 402 n. 1, 352 S.E.2d 152, 153–54 n. 1 (1986).

### A.

The appellant argues that the trial court violated *W. Va. R. Evid.* 803(22) when it admitted the sheriff's notice into evidence to prove that appellant had previously been convicted of DUI in the state of Florida. *W. Va. R. Evid.* 803(22) provides, in pertinent part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

Judgment of previous conviction.—*Evidence of a final judgment,* entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the state in a criminal prosecution for purposes other than impeachment,

---

3. As in the case of the first DUI, the three traffic citations associated with the second DUI in Florida correspond with the three charges noted on the "judgment and sentence" document on which appellant was originally arrested.

4. Though West Virginia's DUI statute has been amended since appellant's arrest, such amendments do not affect this appeal.

5. *W. Va.Code,* 17C–5–2(j) [1995] provides:

A person violating any provision of subsection (b), (c), (d), (e), (f) or (g) of this section shall, for the third or any subsequent offense under this section, be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one nor more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.

judgments against persons other than the accused.

(emphasis added).

It is appellant's contention that the sheriff's notice is not evidence of a final judgment and is therefore excluded by the hearsay rule. *Id.*

■ As described above, the sheriff's notice indicated that "Gary Simons" was arrested on August 20, 1989 on, among other charges, DUI, and that he pleaded nolo contendere to that charge on October 11, 1989. At trial, the appellant failed to object to the admission of the sheriff's notice on hearsay grounds and never contended that admission of this document violated *W. Va. R. Evid.* 803(22). Rather, appellant stated before the trial court that the sheriff's notice "is the only document that shows any type of conviction[,]" and further that "the only parts that can be used are the very top page [the sheriff's notice and the judgment and sentence relating to the second DUI] that show convictions." Appellant further argued: "I am saying that what you can use to support a conviction is a judgment, a final or final entry of the—. *So this is the only one that can be used—these two documents here [the sheriff's notice and the judgment and sentence].*" (emphasis added).

■ The transcript clearly reflects the appellant's failure to argue before the trial court that admission of the sheriff's notice was not evidence of a final judgment [6] and therefore inadmissible under *W.Va.R.Evid.* 803(22). This Court has firmly established that "[w]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal." Syl. pt. 1, *State Road Commission v. Ferguson,* 148 W.Va. 742, 137 S.E.2d 206 (1964). *See* syl. pt. 7, *State v. Garrett,* 195 W.Va. 630, 466 S.E.2d 481 (1995) (" ' "This Court will not pass on a nonjuris-

dictional question which has not been decided by the trial court in the first instance." Syllabus Point 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958).' Syl. pt. 2 *Duquesne Light Co. v. State Tax Dept.,* 174 W.Va. 506, 327 S.E.2d 683 (1984), *cert. denied,* 471 U.S. 1029, 105 S.Ct. 2040, 85 L.Ed.2d 322 (1985)." Syl. pt. 2, *Crain v. Lightner,* 178 W.Va. 765, 364 S.E.2d 778 (1987)). This Court will therefore not review this issue on account of the appellant's failure to raise it before the trial court in the first instance.

B.

Appellant also argues on appeal that the trial court erroneously admitted the booking reports and traffic citations attached to both the sheriff's notice relating to the first DUI conviction and to the judgment and sentence relating to the second DUI conviction. Appellant maintains that these documents constituted inadmissible hearsay under *W. Va. R. Evid.* 803(8)(B), which provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

Public records and reports.—Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding however, in criminal cases matters observed by police officers and other law enforcement personnel[.]

■ Though appellant objected to the admission of the booking reports and traffic citations, he did so not on the ground that these documents were inadmissible hearsay under *W. Va. R. Evid.* 803(8)(B), but on the ground that they could not be related to the sheriff's notice and judgment and sentence [7]

---

6. Appellant also maintains on appeal, though he failed to make this argument before the trial court, that the sheriff's notice is unreliable and in some way ambiguous "due to the extensive use of abbreviations throughout the document."

7. Appellant's argument that the booking reports and traffic citations could not be related to the

sheriff's notice and judgment and sentence is unfounded in any event. As indicated above, the numbers found on each of the traffic citations correspond exactly to the charges recounted on the sheriff's notice and judgment and sentence. For example, the first DUI charge is numbered 72551–RW, which number appears next to the

and that they were prejudicial. This Court has "'established that where the objection to the admission of [evidence] is based upon some specified ground, the objection is then limited to that precise ground and error cannot be predicated upon the overruling of the objection, and the admission of the [evidence] on some other ground, since specifying a certain ground of objection is considered a waiver of other grounds not specified.'" *State v. DeGraw*, 196 W.Va. 261, 272, 470 S.E.2d 215, 226 (1996) (*quoting Leftwich v. Inter-Ocean Casualty Co.*, 123 W.Va. 577, 585–86, 17 S.E.2d 209, 213 (1941) (Kenna, J., concurring)). *See W. Va. R. Evid.* 103(a)(1)("(a) *Effect of erroneous ruling.*— Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) Objection.—In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]") Indeed, "[t]he purpose of requiring a specific objection ... is to bring into focus the precise nature of the alleged errors so the trial court is afforded an opportunity to correct them." *Earp v. Vanderpool*, 160 W.Va. 113, 120, 232 S.E.2d 513, 517 (1976). *See Page v. Columbia Natural Resources*, 198 W.Va. 378, 391, 480 S.E.2d 817, 830 (1996). In failing, at trial, to specifically raise his objection to the admission of the booking reports and traffic citations as violative of *W. Va. R. Evid.* 803(8)(B), the appellant denied the trial court the opportunity to correct any alleged errors related to the objection. *Page*, 198 W.Va. at 391–92, 480 S.E.2d at 830–31. In light of appellant's failure to raise this issue before the court below, it is waived and therefore not reviewable by this Court on appeal.[8] Syl. pt. 1, *State Road Commission, supra. See* Syl. pt. 7, *Garrett, supra.*[9]

DUI charge on the sheriff's notice and in two places (pre-printed) on the DUI traffic citation. Similarly, the second DUI charge is numbered 81275–WC, which number appears next to the DUI charge on the judgment and sentence as well as in two places (pre-printed) on the corresponding DUI traffic citation.

8. Appellant filed post-trial motions of acquittal and for a new trial. During arguments thereon, appellant argued, for the first time, that the booking reports were improperly admitted under *W. Va. R. Evid.* 803(8)(B). *W. Va. R. Evid.* 103, *supra*, "requires that, to preserve for appellate review an objection to evidence, the objection must be '(1) specific, (2) *timely*, and (3) of record.'" *United States v. Parodi*, 703 F.2d 768, 783 (4th Cir.1983) (*quoting* 21 Wright & Graham, *Federal Practice & Procedure*, § 5036 p. 174 (1977 ed.)) (emphasis added). Indeed, "[t]imeliness of objection under the Rule requires that it 'be made at the time the evidence is offered....'" *Id.* (citations omitted). In that appellant's objection under *W. Va. R. Evid.* 803(8)(B) was untimely made, it was not properly invoked and was, therefore, waived. *Parodi*, 703 F.2d at 783 (*citing* 1 Wigmore, *Evidence*, § 18, p. 321 (3d ed.1940)).

9. Indeed, several other errors assigned in this appeal were likewise not raised before the trial court and are, consequently, not reviewable by this Court. Syl. pt. 1, *State Road Commission, supra*. For example, appellant argues that the two nolo contendere pleas to DUI in Florida were inadmissible to prove prior convictions under *W. Va. R. Evid.* 803(22) and *W. Va. R.Crim. P.* 11(e)(6). However, appellant never raised this issue at trial. Appellant also argues on appeal that the State failed to prove that the Florida statute governing DUI has the same elements as the corresponding West Virginia statute, as required by *W. Va.Code*, 17C–5–2(k)(3) [1995], *supra*. As the State correctly points out, however, the appellant failed to raise this legal issue below.

Finally, the appellant contends that his detention and arrest were invalid for two reasons: (1) Capt. Miller had no jurisdiction under the West Virginia Law–Enforcement Mutual Assistance Act, *W. Va.Code*, 15–10–1, *et seq.*, to stop appellant's vehicle in Harrison County and (2) Capt. Miller lacked probable cause to stop appellant's car because he failed to initiate the stop at the time the car first crossed the center line. Prior to trial, appellant filed a "motion to suppress physical evidence and statements" on the grounds that "the statements given were given under duress and therefore, not voluntarily and knowingly given." During a subsequent pre-trial *in camera* proceeding, the State sought to admit into evidence the appellant's refusal to submit to the Intoxilyzer test. At that time, appellant explained that he refused to submit to the test because he believed it could be manipulated and further, that he refused to submit to a field sobriety test because he would have been embarrassed. At no time, however, did appellant assert that his arrest was invalid and thus, that evidence derived from such arrest should have been suppressed. This issue is therefore waived. *See W. Va. R.Crim. P.* 12(b)(3) ("Any ... objection ... which is capable of determination without the trial of the general issue may be raised before trial by motion.... The following must

### III.

 The appellant contends that the State failed to prove that he was driving the car when it crossed the center line. *See W. Va.Code,* 17C–7–1 [1951] ("Driving on right side of roadway; exceptions") Appellant's argument is without merit.

At trial, Deputy Rogers, who was the arresting officer and who arrived at the scene after Capt. Miller and Sgt. Haught, identified the appellant as the driver of the car stopped by Capt. Miller. Though Deputy Rogers did not personally observe the appellant on the driver's side of the car, he nevertheless identified the appellant based upon the information he received from Capt. Miller and Sgt. Haught. In any event, on direct examination, appellant admitted that he was driving the car when it drove away from the convenience store [10] and when Capt. Miller directed it to stop. Capt. Miller testified that he directed the car to stop because it continued to cross the center line numerous times on a road he described as "narrow, curvy and kind of hilly."

 In syllabus point one of *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995), this Court clarified the appellate standard of review where a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

We conclude that the evidence admitted at trial, particularly that which is recounted above, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact, beyond a reasonable doubt, that the appellant was driving the car when it crossed the center line. *Id.*

### IV.

For the reasons discussed herein, appellant's convictions of third offense DUI and of driving on a revoked license are hereby affirmed.

Affirmed.

---

be raised prior to trial: .... Motions to suppress evidence unless the grounds are not known to the defendant prior to trial[.]"); *W. Va. R.Crim. P.* 12(f) ("Failure by a party to raise ... objections ... which must be made prior to trial ... may constitute waiver thereof, but the court for cause shown should grant relief from the waiver."). *See State v. Sugg,* 193 W.Va. 388, 403, 456 S.E.2d 469, 484 (1995).

10. As stated previously, the appellant and his companion, Donald Jackson, both testified that Jackson was driving the car when it pulled into the convenience store. According to Capt. Miller, the car crossed the center line numerous times prior to stopping at the store.