624 S.E.2d 555

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Matthew S. FLANDERS, Defendant Below, Appellant.**

No. 32290.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 2005.

Decided Dec. 1, 2005.

---

Teresa C. Monk, Esq., Spencer, for the Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Colleen A. Ford, Esq., Assistant Attorney General, Charleston, for the Appellee.

PER CURIAM:

This case is before this Court upon the appeal of Matthew S. Flanders from his convictions in the Circuit Court of Roane County, West Virginia, by a jury, of three counts of breaking and entering a building other than a dwelling, two counts of larceny, one count of possession of a controlled substance with intent to deliver and five counts of conspiracy. The convictions arose from the allegations of the State that Flanders and others engaged in a crime spree in and about Spencer, West Virginia, following a Fourth of July celebration. Pursuant to orders of the Circuit Court of Roane County entered on March 12, 2004, and April 9, 2004, Flanders was sentenced to an aggregate term in the penitentiary of not less than 3 nor more than

25 years and directed to pay restitution to the crime victims. The record indicates that Flanders is currently incarcerated in the St. Marys Correctional Center in St. Marys, West Virginia.

This Court has before it the petition for appeal, all matters of record and the briefs of counsel. The appellant assigns as error the Circuit Court's denial of his motion challenging the sufficiency of the indictment and the Circuit Court's admission in evidence of a written statement given to the police by an individual named Robert Shaffer, Jr. Upon careful consideration, however, this Court concludes that those assignments are without merit. Consequently, the orders entered by the Circuit Court on March 12, 2004, and April 9, 2004, are affirmed.

## I.

### Factual and Procedural Background

According to the evidence of the State, appellant Flanders, age 18, and a number of friends gathered to watch a municipal fireworks display in Spencer on July 4, 2002. Thereafter, the appellant and Samuel McClung broke into the nearby Cain Veterinary Clinic and stole several vials of an animal tranquilizer known as ketamine. Ketamine, commonly used as an anesthetic during surgery on cats, is a Schedule III controlled substance under *W. Va. Code*, 60A–2–208 (2002). Known on the street as "Special K," ketamine can be cooked down to powder form and ingested as an illicit drug. While in the Clinic, the appellant and McClung also took a cash box containing approximately $100.00. The appellant and McClung then broke into the adjoining Spencer Lanes bowling alley. Finding nothing of value, they left the premises.

Later, with McClung acting as lookout, appellant Flanders broke into Reid's Auto Sales and took the keys to a number of vehicles parked on the lot. The appellant and McClung then left Reid's Auto Sales but returned shortly thereafter accompanied by M. T., a 16 year old juvenile.[1] The individuals took the following vehicles from the lot:

(1) a 1993 Ford Explorer, driven by Samuel McClung, (2) a 1997 Pontiac Sunfire, driven by M. T., and (3) a 1997 Chevy Monte Carlo, driven by the appellant. The individuals drove the vehicles throughout the area for an extended period of time and abandoned them in separate locations in the early morning hours of July 5, 2002. According to the report filed by the Roane County Sheriff's Department, the Pontiac Sunfire was not damaged, but the Ford Explorer was damaged in the amount of $3,500.00, and the Monte Carlo was a total loss.

In January 2003, a Roane County grand jury returned an indictment charging the appellant with a number of offenses relating to the above events. A jury trial was conducted by the Circuit Court in November 2003. Samuel McClung, under a plea agreement with the State, testified and implicated the appellant in each of the charges. In addition, State's exhibit 44 was admitted into evidence which was a small kettle containing a white powder residue. The kettle containing the powder had been seized from the appellant's bedroom pursuant to a search warrant. The State elicited testimony before the jury to the effect that, upon testing, the powder was identified as ketamine.

The appellant, on the other hand, testified at trial and denied any involvement in the events in question. Specifically, the appellant stated that he watched the fireworks in Spencer with his girlfriend, Sara Stotts, and that, thereafter, they spent the evening together at the appellant's residence. Similar testimony was given during the trial by Ms. Stotts. Consequently, an instruction upon the defense of alibi was included by the Circuit Court in its charge to the jury.

As indicated above, the jury found appellant Flanders guilty of three counts of breaking and entering a building other than a dwelling, two counts of larceny, one count of possession of a controlled substance with intent to deliver and five counts of conspiracy. The appellant was sentenced to an aggregate term in the penitentiary of not less than 3 nor more than 25 years and directed to pay

---

1. This Court follows its past practice and shall refer to the name of this underage individual by

initials only. *State v. Jason H.*, 215 W.Va. 439, 441 n. 2, 599 S.E.2d 862, 864 n. 2 (2004).

restitution.[2] The appellant's convictions may be summarized in relation to the events of July 4 and 5, 2002, as follows: (1) with regard to the Cain Veterinary Clinic, one count of breaking and entering a building other than a dwelling, one count of petit larceny relating to the taking of the vials of ketamine, the cash box and the money therein, one count of possession of ketamine with intent to deliver and three counts of conspiracy, (2) with regard to Spencer Lanes bowling alley, one count of breaking and entering a building other than a dwelling and (3) with regard to Reid's Auto Sales, one count of breaking and entering a building other than a dwelling, one count of grand larceny relating to the taking of the vehicles, the keys and two dealer plates, and two counts of conspiracy.

In January 2004, the Circuit Court denied the appellant's motion for a new trial. Subsequently, this appeal was granted.

## II.

### The Sufficiency of the Indictment

First, appellant Flanders contends that the Circuit Court committed error by denying his motion to dismiss Counts 4 and 11 of the indictment. Count 4 charged the appellant with grand larceny with regard to Reid's Auto Sales,[3] and Count 11 was the corresponding conspiracy charge. The appellant asserts that those Counts should have been dismissed because the use of the word "approximately" in Count 4, in relation to the value of the vehicles allegedly stolen, created an uncertainty thereby resulting in a denial of his right to be fully and plainly informed of the charges against him. The appellant relies upon *State v. Criss*, 125 W.Va. 225, 23 S.E.2d 613 (1942), which held that an allegation in an indictment, that a reel of stolen wire cable was of the "approximate value" of $50.00, was indefinite and rendered the indictment fatally defective.

The indictment, in *Criss*, alleged that the defendant committed grand larceny by taking "one reel of approximately three hundred feet of No. 2 parallel duplex wire cable ... of the approximate value of Fifty Dollars [.]" By contrast, Count 4 herein states:

> That Matthew S. Flanders, on the _ day of July, 2002, in the said County of Roane, State of West Virginia, committed the offense of "Grand Larceny", in that Matthew S. Flanders, did unlawfully, intentionally, knowingly and feloniously committed simple larceny of goods or chattels of the value of one thousand dollars or more, with the intent to permanently deprive the owner Reid's Auto Sales thereof, to-wit: one (1) 1993 Ford Explorer valued at approximately Four Thousand Dollars ($4,000.00); one (1) 1997 Pontiac Sunfire valued at approximately Four Thousand Five Hundred Dollars ($4,500.00); one (1) 1997 Chevy Monte Carlo valued at approximately Five Thousand Nine Hundred Dollars ($5,900.00); one (1) set of keys to a 1991 Pontiac Grand Prix; one (1) set of keys to a 1992 Chevy Cavalier; one (1) set of keys to a 1988 Jeep Cherokee; one (1) set of keys to a 1988 Ford Ranger; one (1) set of keys to a 1984 Ford truck; one (1) set of keys to a 1995 Dodge Neon; one (1) dealer plate # DUC2 1604; and one (1) dealer plate # DUC3 1604; with a grand total of Fourteen Thousand Four Hundred ($14,400.00) from the goods and chattels belonging to Reid's Auto Sales, in violation of the West Virginia Code 61-3-13(a), against the peace and dignity of the State.

The Constitution of West Virginia, art. III, § 14, provides the accused with the right to be "fully and plainly informed of the character and cause of the accusation." As this

---

**2.** The order of March 12, 2004, directed the appellant to pay restitution to the Cain Veterinary Clinic in the amount of $170.00. The order of April 9, 2004, directed the appellant to pay $11,895.00 to the owner of Reid's Auto Sales.

**3.** The indictment charged the appellant with grant larceny pursuant to *W.Va.Code,* 61-3-13(a) (1994), which states:

> If a person commits simple larceny of goods or chattels of the value of one thousand dollars or more, such person is guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars.

Court recognized in *State v. Wade*, 174 W.Va. 381, 384, 327 S.E.2d 142, 146 (1985), the requirements of that provision have been implemented in Rule 7(c)(1) of the West Virginia Rules of Criminal Procedure. Pursuant to that Rule, an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The West Virginia Rules of Criminal Procedure have been in effect since 1981.

■ In syllabus point 6 of *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999), this Court held:

> An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W.Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

Syl. pt. 2, *State ex rel. Day v. Silver*, 210 W.Va. 175, 556 S.E.2d 820 (2001). Moreover, as this Court observed in syllabus point 2 of *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996): "Generally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. pt. 2, *State v. Palmer*, 210 W.Va. 372, 557 S.E.2d 779 (2001); syl. pt. 7, *State v. Bull*, 204 W.Va. 255, 512 S.E.2d 177 (1998).

Here, the appellant was charged in Count 4 with grand larceny concerning the items taken from Reid's Auto Sales. An examination of Count 4 reveals that it substantially followed the provisions of the statute under which the appellant was charged, *W.Va.Code*, 61–3–13(a) (1994). *See*, n. 3, *supra*. Although the value of each of the vehicles was set forth as approximations, Count 4 began with the allegation, consistent with *W.Va. Code*, 61–3–13(a) (1994), that the appellant committed "simple larceny of goods or chattels of the value of one thousand dollars or more." Moreover, alleging that the appellant intended to "permanently deprive" Reid's Auto Sales of the items, Count 4 then described the vehicles, setting forth the make, model and year of each vehicle and its approximate value. In the latter regard, the record indicates that all of the vehicles sold at Reid's Auto Sales were used, rather than new, vehicles. Count 4 concluded by stating that the various items taken from Reid's Auto Sales totaled $14,400.00.

In its ruling, the Circuit Court expressed the opinion that, if one vehicle of "approximate value" had been the only item taken, a dismissal might have been warranted. The Circuit Court concluded, however, that, in view of the allegation that multiple vehicles were among the items taken, Count 4 was sufficient to withstand the motion to dismiss. This Court agrees and finds the *Criss* case cited by the appellant not to be dispositive in these circumstances. In the more recent case of *State ex rel. Day v. Silver*, *supra*, this Court held in syllabus point 5:

> In order for an indictment for larceny to be sufficient in law, it must identify with specificity the particular items of property which are the subject of the charge by specifically describing the property, unless the property is incapable of identification as in cases involving fungible goods, United States currency or comparable articles.

For the above reasons, this Court concludes that Count 4 sufficiently set forth the elements of grand larceny, put the appellant on notice of the charges against him and did not violate his protections against double jeopardy. Therefore, the appellant's assignment of error concerning Count 4 and the corresponding conspiracy charge in Count 11 is without merit.

### III.

### The Statement of Robert Shaffer, Jr.

■ Appellant Flanders also assigns as error the Circuit Court's admission in evidence of a written statement given to the police by an individual named Robert Shaffer, Jr.

Toward the end of its case-in-chief, the State called Robert Shaffer, Jr., to the stand and asked him whether, after July 4 and 5, 2002, he and the appellant had had a conversation about the events in question. Upon

denying any memory thereof, the State showed Shaffer a written statement he gave to the police on August 1, 2002, some two weeks after the alleged conversation took place. Although he admitted writing and signing the statement and indicated that it was a truthful account of his conversation with the appellant, Shaffer also told the jury: (1) that he still did not remember having the conversation with the appellant, (2) that he gave the statement to the police (apparently in an effort to exonerate himself) because he thought he was a suspect in the crimes and (3) that the conversation he had could have been with Samuel McClung rather than with the appellant. The Circuit Court instructed the jury that the August 1, 2002, statement to the police was being used to refresh Shaffer's recollection and that the statement was not evidence.

During Shaffer's ensuing testimony, the contents of his statement to the police, which essentially consisted of the appellant's admission of involvement in the crimes charged, were revealed to the jury. No objection thereto was raised by the appellant during Shaffer's testimony.

Thereafter, during an *in camera* discussion, the Circuit Court concluded that, inasmuch as Shaffer had testified that he wrote and signed the statement and that he had said that the statement was a truthful account of his conversation with the appellant, the statement would be admissible pursuant to Rule 803(5) of the West Virginia Rules of Evidence as a recorded recollection.[4] Shaffer's statement to the police was then admitted into evidence under that Rule upon the State's motion and read to the jury. Although appellant Flanders objected to the

admission of the statement during the *in camera* discussion, his objection was not pursued when the Circuit Court made its formal ruling. As the trial transcript reveals:

Mr. Sergent: * * * We would move to read to the jury the contents in its entirety of State's Exhibit no. 49.

The Court: You want to offer that as evidence?

Mr. Sergent: Yes, your Honor.

The Court: And this is the statement of Robert Shaffer, Jr.

Mr. Sergent: The statement of Robert Allen Shaffer, Jr.

The Court: Is there an objection?

Ms. Monk: No objection.

The Court: Without objection, the Court will order admitted into evidence the statement of Robert Shaffer, Jr. [.]

After the August 1, 2002, statement of Shaffer to the police was read to the jury, the State rested its case. The appellant now asserts that the Circuit Court committed error in admitting the statement because Shaffer's equivocal testimony at trial, in fact, undermined the statement's validity and precluded the State from establishing a proper foundation for its admission. In the opinion of this Court, however, that assertion is deprived of significance by the failure to preserve the issue for appeal.[5]

Rule 103(a) of the West Virginia Rules of Evidence provides that error may not be predicated upon the admission of evidence unless a substantial right of the party is affected and "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context [.]" In this

4. Rule 803 of the West Virginia Rules of Evidence states in part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

*   *   *   *   *   *

(5) Recorded recollection.—A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him or her to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admit-

ted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

5. In so concluding, this Court notes that, although the Circuit Court admitted Shaffer's August 1, 2002, statement under Rule 803(5) as a recorded recollection, the statement was referred to prior to that ruling as a statement to refresh recollection and as a prior inconsistent statement. In view of the failure to preserve the issue for appeal, this Court need not preemptively determine which of those alternatives most accurately described the statement as it was utilized by the State at trial.

case, the August 1, 2002, statement given by Shaffer to the police, recounting appellant Flanders' acknowledgment of involvement in the crimes charged, was used by the State during Shaffer's testimony each time he stated that he could not remember the conversation with the appellant. As indicated above, no objection thereto was raised by the appellant to Shaffer's testimony.

■ Thereafter, an objection was made during the *in camera* discussion during which the Circuit Court determined the statement to be admissible as a recorded recollection. As shown above, however, that objection was not pursued when the State moved for the statement's admission. The Circuit Court, thus, noted that the statement would be admitted in evidence "without objection." Nor could the admission of Shaffer's statement be considered plain error[6] or overly prejudicial. Shaffer was called by the State near the end of its case-in-chief, and his statement to the police, which he consistently attempted to disavow before the jury, followed the testimony of Samuel McClung who implicated the appellant in each of the charges. Moreover, the kettle found in the appellant's bedroom, which contained a pow-

der residue identified as ketamine, had already been admitted in evidence.

In syllabus point 1 of *State Road Commission v. Ferguson,* 148 W.Va. 742, 137 S.E.2d 206 (1964), this Court held: "Where objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal." Syl. pt. 9, *State v. Shrewsbury,* 213 W.Va. 327, 582 S.E.2d 774 (2003); syl. pt. 7, *State v. Carey,* 210 W.Va. 651, 558 S.E.2d 650 (2001); syl. pt. 1, *State v. Simons,* 201 W.Va. 235, 496 S.E.2d 185 (1997); syl. pt. 10, *State v. Satterfield,* 193 W.Va. 503, 457 S.E.2d 440 (1995). Here, no objection to the August 1, 2002, statement was made during Shaffer's testimony, and a subsequent objection was not pursued upon specific inquiry by the Circuit Court at the time the statement was admitted into evidence. Consequently, this Court declines to grant relief with regard to this assignment of error.[7]

## IV.

## Conclusion

The appellant's assignments of error concerning the sufficiency of the indictment and

---

6. Rule 103(d) of the West Virginia Rules of Evidence concerning "plain error" in relation to evidentiary rulings states: "Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court."

7. In so holding, this Court is not unmindful that the appellant raised the issue of the admissibility of Shaffer's statement in his motion for a new trial. The motion, however, was not sufficient to preserve the error under the circumstances of this case.

First, the Circuit Court was never asked to exercise its discretion in terms of assessing the prejudicial impact to the appellant the statement would have if revealed to the jury. Second, although the appellant objected to the statement during the *in camera* discussion, Shaffer, at that point, had been excused as a witness, and the jury, through the State's questioning of Shaffer, had already learned of the statement's contents, without objection. Third, as stated above, the objection to the statement made during the *in camera* discussion was not pursued when the State moved for its admission. The motion for a new trial did not rehabilitate those omissions by the appellant. *See, State v. Simons, supra,* 201 W.Va. at 240 n. 8, 496 S.E.2d at 190 n. 8, (indicating that the failure to raise an objection

to the admission of police booking reports constituted a waiver, notwithstanding the raising of that issue during argument upon the defendant's post-trial motions of acquittal and for a new trial); *State v. Humphrey,* 177 W.Va. 264, 272, 351 S.E.2d 613, 620–21 (1986) (stating that matters surrounding the impaneling of a jury must be raised by objection and not for the first time in a motion for a new trial). In *State v. Beckett,* 172 W.Va. 817, 310 S.E.2d 883 (1983), this Court observed:

The defendant further argues that the prosecuting attorney improperly impeached a defense witness on a past criminal conviction. In his motion for a new trial, the defendant, for the first time, contended that this was improper impeachment because the criminal charge against the witness was still pending in court. The failure of the defendant to make a timely objection forecloses consideration of this point on appeal, although we do note that the witness admitted in her testimony that she had in fact already been convicted of the crime referred to by the prosecuting attorney.

172 W.Va. at 823, 310 S.E.2d at 890. *See also,* Vol. II, F.D. Cleckley, *Handbook on West Virginia Criminal Procedure,* p. 282 (2nd ed., Michie— 1993) ("Failure to raise claims in an appropriate and timely manner generally bars review by post-conviction motion and direct appeal.").

the statement of Robert Shaffer, Jr., are without merit.[8] Accordingly, the orders of the Circuit Court of Roane County, West Virginia, entered on March 12, 2004, and April 9, 2004, sentencing the appellant to the penitentiary and directing him to pay restitution are affirmed.

Affirmed

8. A final assignment of error raised by the appellant concerns the State's reference during the trial to a pre-trial request that the appellant submit additional fingerprints to State investigators. However, the appellant testified at trial, in response, that he was aware of no such request. Moreover, his counsel told the jury during closing arguments that there was no fingerprint evidence connecting the appellant to the crimes. In denying the appellant's motion for a new trial, the Circuit Court found that the fingerprint issue "did not play a substantial or material role in this case." Upon careful review, this Court agrees and finds no reversible error in that regard.