# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-1138**  (Berkeley County 15-F-47)

**Daniel Holler,**
**Defendant Below, Petitioner**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Daniel Holler, by counsel Christian J. Riddell, appeals the November 10, 2016, order of the Circuit Court of Berkeley County that sentenced him to consecutive sentences of one to five years in the penitentiary for his convictions of third-offense domestic battery and third-offense domestic assault. The State of West Virginia, by counsel Robert L. Hogan, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, petitioner was indicted on one count of kidnapping, one count of third-offense domestic assault, and one count of third-offense domestic battery stemming from an incident that occurred at his mother's home on June 1, 2014, in Berkeley County, West Virginia. The victim was petitioner's fifty-four year old mother. Petitioner was thirty-one years old. The evidence showed that because the victim requested that petitioner move out of her residence, petitioner beat her about the head with his fists, choked her, and prevented her from leaving her home

Following a jury trial, petitioner was acquitted of the kidnapping charge but was convicted of the crimes of third-offense domestic assault and third-offense domestic battery for which he was given consecutive sentences of one to five years in the penitentiary. A re-sentencing order was entered on November 11, 2016, for purposes of filing this appeal.

In his first assignment of error, petitioner argues that the circuit court erred in admitting certain photographs at trial. Petitioner contends that photographs taken by police of the victim's injuries were not disclosed to him until the night before trial and that the State's failure to timely disclose them was unreasonable and tantamount to a willful suppression of the evidence.

1

We find no error. A review of the record reveals that the photographs about which petitioner complains were not taken by the police but, in fact, taken by the victim on the day following the incident. The photographs, once received by the State on the night before trial, were then immediately disclosed to petitioner.[1] Over petitioner's objection, the photographs were admitted at trial. In contrast, petitioner did *not* object to the admission of photographs of the victim's injuries taken by police and timely disclosed to him prior to trial.[2]

Generally, "[a] trial court's evidentiary rulings . . . are subject to review under an abuse of discretion standard." *State v. Trail*, 236 W. Va. 167, 179, 778 S.E.2d 616, 628 (2015) (quoting Syl. Pt. 4, in part, *State v. Rodoussakis,* 204 W.Va. 58, 511 S.E.2d 469 (1998)). Furthermore,

> [w]here the State is unaware until the time of trial of material evidence which it would be required to disclose under a Rule 16 discovery request, the State may use the evidence at trial provided that: (1) the State discloses the information to the defense as soon as reasonably possible; and (2) the use of the evidence at trial would not unduly prejudice the defendant's preparation for trial.

Syllabus, *State v. Hager*, 176 W. Va. 313, 342 S.E.2d 281 (1986), *overruled on other grounds by State v. Woodson*, 181 W. Va. 325, 382 S.E.2d 519 (1989). The record establishes that the State disclosed the photographs taken by the victim as soon as reasonably possible. Further, petitioner did not suggest below that he was in any way prejudiced by the use of the photographs at trial. To the contrary, when the circuit court asked petitioner's counsel what he would have done differently if the photographs had been disclosed earlier, he replied, "Probably nothing, judge." The State represents, and petitioner does not dispute, that the photographs taken by the victim were of the same injuries depicted in the photographs taken by the police but that they showed the injuries "a little better." Given these facts, we find that the circuit court did not abuse its discretion in admitting the photographs at trial.

Next, petitioner argues that the circuit court abused its discretion in admitting audio and video evidence taken by a police cruiser "dash camera." The recording was taken when an unidentified female driver pulled in next to the police cruiser of Officer Eric Neely of the Martinsburg Police Department to advise him that she had been flagged down by the victim after the victim ran out of her home.[3] At a pre-trial hearing, petitioner objected to the admission of the video on the ground that the driver's statements to the officer violated petitioner's right to confront his accusers and were "hearsay within hearsay because the woman is telling what was told to her. And all she does is repeat what [the victim] allegedly told her." At trial, however, petitioner's counsel expressly advised the circuit court that he had no objection to the admission of this evidence. Our case law is clear that "'[w]here objections were not shown to have been

---

[1] Petitioner did not request a continuance.

[2] Neither the photographs taken by the police nor by the victim were made a part of the record on appeal.

[3] Neither the video nor a transcript thereof was made a part of the record on appeal.

2

made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.' Syl. pt. 1, *State Road Commission v. Ferguson,* 148 W.Va. 742, 137 S.E.2d 206 (1964)." Syl. Pt. 1, *State v. Simons*, 201 W. Va. 235, 496 S.E.2d 185 (1997). *See Honaker v. Mahon,* 210 W. Va. 53, 60, 552 S.E.2d 788, 795 (2001) (stating the general rule that "a party's failure to object waives any right to appeal an issue."). Thus, petitioner's argument that the admission of this evidence violated hearsay rules and his right to confront his accusers is waived and will not be considered in this appeal.[4]

In his next assignment of error, petitioner argues that the circuit court erred in allowing the admission of evidence that violated West Virginia Rule of Evidence 404(b).[5] The State filed a notice of intent to use 404(b) evidence consisting of testimony by the victim regarding the numerous times she was physically and verbally abused by petitioner over the course of many years. At the subsequent *McGinnis* hearing,[6] the State indicated that the purpose of introducing

---

[4] Petitioner also argues that the circuit court further erred in admitting a certain portion of the video depicting his arrest by police because the audio intermittently cut out. In fact, however, this portion of the video was neither offered nor admitted at trial. Thus, petitioner's argument that the circuit court erred in admitting this evidence is without merit.

[5] West Virginia Rule of Evidence 404(b) provides:

(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) *Permitted Uses; Notice Required.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Any party seeking the admission of evidence pursuant to this subsection must:
(A) provide reasonable notice of the general nature and the specific and precise purpose for which the evidence is being offered by the party at trial; and
(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

[6] In syllabus points one and two of *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994), this Court held:

When offering evidence under Rule 404(b) of the West Virginia Rules of Evidence, the prosecution is required to identify the specific purpose for which the evidence is being offered and the jury must be instructed to limit its consideration of the evidence to only that purpose. It is not sufficient for the prosecution or the trial court merely to cite or mention the litany of possible uses listed in Rule 404(b). The specific and precise purpose for which the evidence is offered must clearly be shown from the record and that purpose alone must be told to the jury in the trial court's instruction.

(continued . . .)

such evidence was to show that "this incident was not some sort of mistake or just [that] he temporarily lost his mind for a minute or a heat of passion type of thing. . . . [that] this is not a mistake. It was done on purpose. . . . It will also show this wasn't an accident." Petitioner objected to the introduction of this evidence, arguing that it shows neither motive nor intent but only that petitioner is a "bad man" and acted in conformity with his past pattern of behavior, which are prohibited under Rule 404(b). At the conclusion of the *McGinnis* hearing, the circuit court determined the evidence to be relevant and admissible, particularly with regard to the kidnapping charge, which, the court observed, requires the State "to convince a jury that there was an effort to terrorize or exact a concession from [the victim]." Regarding the domestic assault charge, the court determined the evidence to be relevant as to motive and intent, as the assault charge requires that "a person is supposed to be in a reasonable apprehension of a violent injury." The court found that the victim's "reasonable apprehension is informed by [the] prior acts" of violence. Counsel for petitioner thereafter requested that the evidence of past abuse be limited to incidents occurring after the family moved to West Virginia in 1999, when petitioner was seventeen years old.[7]

Immediately following the victim's trial testimony, the circuit court gave a limiting instruction, cautioning jurors that the evidence of petitioner's "prior acts is not admitted to prove the defendant's guilt as to the present charge. . . . [but] may only be considered by you for the purpose of establishing the defendant's motive, intent, or plan as it relates to each of these

---

Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

[7] We note that the State indicated that this evidence would also show a pattern of behavior and would "show almost motive in a way[,]" purposes that are prohibited by Rule 404(b). However, given that the State also identified purposes that are clearly permitted under the rule and that the circuit court specifically determined the evidence to be relevant to prove such purposes, we find that there is no error in this regard.

charges of kidnapping, domestic battery, and domestic assault." The court further instructed that the evidence

> may not be considered for other matters such as character or propensity to commit the crimes charged. . . . you may consider the evidence insofar as it tells us what [the victim] and the defendant were thinking the night that these events all took place but not to prove that the defendant is a bad person or that he has bad character or that he did the things he's accused of on June 1ˢᵗ because he did something similar in the past.

On appeal, petitioner argues that the admission of the victim's testimony regarding past incidents of petitioner's verbal and physical abuse was prejudicial to his defense and admitted in error, in violation of Rule 404(b), and that, without such evidence, he would not have been convicted of the crimes charged.

In syllabus point three of *State v. LaRock*, 196 W. Va. 294, 470 S.E.2d 613 (1996), this Court held that

> [i]t is presumed a defendant is protected from undue prejudice if the following requirements are met: (1) the prosecution offered the evidence for a proper purpose; (2) the evidence was relevant; (3) the trial court made an on-the-record determination under Rule 403 of the West Virginia Rules of Evidence that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the trial court gave a limiting instruction.

It is clear that the *LaRock* requirements were met in this case. The State offered the victim's testimony of petitioner's past abuse to show absence of mistake. Further, the evidence was clearly relevant to prove the elements of the crimes for which he was being tried. The circuit court determined that the evidence was more probative than prejudicial, ensuring that evidence of violent incidents occurring when petitioner was a child not be introduced and also finding that the victim's reaction to the assault at issue was informed by the past violence. Finally, the court gave a limiting instruction immediately after the victim testified. We, thus, find that petitioner was protected from undue prejudice and that the evidence was properly admitted under Rule 404(b).

In his final assignment of error, petitioner argues that the evidence was insufficient to support his convictions. Petitioner argues simply that the testimony of the victim and Officer Neely that petitioner fled the scene as Neely approached him was inconsistent with the video from the officer's "dash camera" that showed petitioner calmly walking towards the officer's cruiser. Petitioner contends that the video proves that the testimony of both Neely and the victim was false and that their credibility should have had minimal value. As a result, petitioner argues, the evidence was insufficient to convict.

We find no error. The Court's review of a challenge to the sufficiency of the evidence presented at trial was set forth in syllabus point one of *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995):

5

The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Furthermore,

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

*Id.* at 663, 461 S.E.2d at 169, syl. pt. 3.

In this case, petitioner failed to include in the record on appeal a copy of the video that he claims contradicts the testimony of the victim and Officer Neely. Therefore, it is impossible for this Court to evaluate petitioner's argument in this regard. In any event, it is clear that the jury considered the testimony of these witnesses and determined they were credible. Viewing the evidence in the light most favorable to the State, as we are required to do, we conclude that petitioner has failed to carry the heavy burden of establishing that the evidence was insufficient to support his convictions.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6