**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.F. and D.F. III**

**No. 21-0187** (Monongalia County 19-JA-149 and 19-JA-150)

**MEMORANDUM DECISION**

Petitioner D.F. II, by counsel Andrew N. Frye, III, appeals the Circuit Court of Monongalia County's February 2, 2021, order terminating his parental rights to B.F. and D.F. III[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem, P. Todd Phillips, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in considering a letter from D.F. III's therapist at the dispositional hearing, as it constituted inadmissible hearsay.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against petitioner and the mother in September of 2019 after receiving a referral that the mother tested positive for methamphetamine and Subutex upon giving birth to B.F. According to the petition, B.F. suffered symptoms of drug exposure such as tremors, increased muscle tone, poor sleep, an elevated respiratory rate, and excessive sucking. A Child Protective Services ("CPS") worker spoke to the mother at the hospital, and the mother admitted to abusing methamphetamine in the week prior to the child's birth. A CPS

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

worker also interviewed the mother's older child, P.L., regarding the conditions in the home.[2] P.L., then eight years old, reported that petitioner and his mother frequently argued and that petitioner was physically violent towards the mother, slamming her face into walls, punching her, and choking her. P.L. further reported that petitioner and the mother used drugs in the home. P.L. described the parents and their friends smoking a white substance from a glass tube and explained that he once got in trouble for playing with the white substance that was left on a counter. P.L. also reported that the home lacked running water and that the only electricity was from an extension cord connected to the neighbor's house. Lastly, P.L reported that petitioner frequently left a gun within reach of the children and that D.F. III had grabbed the gun and run with it on multiple occasions.

In October of 2019, the circuit court adjudicated petitioner and the mother as abusing parents. The circuit court held an initial dispositional hearing and granted each parent a post-adjudicatory improvement period. Petitioner remained incarcerated until August of 2020 and, as a condition of his release, was immediately admitted into a substance abuse rehabilitation program.[3] At that time, petitioner also began services with the DHHR, including telephonic visits with the children.

The circuit court held a final dispositional hearing in January of 2021. Prior to the hearing, the DHHR submitted a letter from D.F. III's therapist describing the child's behaviors and treatments. The therapist wrote that D.F. III's concerning behaviors were triggered by "the engagement of [and] interaction with" petitioner. The therapist described that when contact between petitioner and the child ceased, the concerning behaviors subsided and the child progressed in his treatment. The therapist opined that the child needed time to resolve the trauma he had experienced and that further triggers, such as contact with the father, while he was working to heal would increase behavioral reactions, sensitivity to triggers, and resistance to assistance, and decrease his ability to self-regulate.

A CPS worker testified and acknowledged petitioner's compliance with services. Nevertheless, the worker stated that the DHHR recommended the termination of petitioner's parental rights based upon the children's lack of bond with petitioner and D.F. III's therapist's opinion that further contact with petitioner was not in the child's best interest, as it would only serve to exacerbate the trauma inflicted on the child. According to the CPS worker, D.F.III's therapist reported that the child was experiencing behavioral problems as a result of the abuse inflicted upon him and that the child was unable to heal from the trauma due to continued contact with petitioner that only served to aggravate the child's behavioral issues. The CPS worker also stated that petitioner had been imprisoned for much of the children's lives; petitioner lacked a bond with the children; and the children had been in the care of their foster parents for a significant amount of time.

---

[2]The mother has two older children, P.L. and B.L. Petitioner is not their biological father, and these two children are not at issue on appeal.

[3]The parties do not provide any information regarding petitioner's criminal charges.

By order entered on February 2, 2021, the circuit court terminated petitioner's parental rights to the children. Although the circuit court noted that petitioner made significant progress in his substance abuse treatment; it also found that petitioner lacked a significant relationship with the children and that he had not completely remediated the conditions that led to the petition's filing. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner appeals the February 2, 2021, dispositional order.[4]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in considering inadmissible hearsay evidence presented at the dispositional hearing. Specifically, petitioner takes issue with a letter authored by D.F. III's therapist that was introduced into evidence and referenced in the CPS worker's testimony at disposition. Petitioner avers that this document was hearsay, as the therapist was not made available for cross-examination and the document was not a proper medical diagnosis or treatment exception to the rules on hearsay. As such, petitioner argues that the circuit court erred in utilizing the letter in terminating his parental rights. Petitioner requests that the matter be remanded to the circuit court with instructions to reconsider its ruling without considering the therapist's letter unless she is made available for cross-examination.

We reject petitioner's request as he fails to cite to the record demonstrating that he objected to the admission of the therapist's letter or the CPS worker's testimony regarding the letter. Indeed, a review of the record indicates that petitioner failed to raise any objection to the alleged hearsay. We have repeatedly reminded litigants that, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." *State v. Sites*, 241 W. Va. 430, 438, 825 S.E.2d 758, 766 (2019) (citation omitted). Moreover, "'[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition

---

[4]The mother's parental rights were also terminated below. The children were placed with a foster family, and the permanency plan is adoption by that family.

3

of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995) (citation omitted). Accordingly, because petitioner failed to object at the dispositional hearing, we decline to address his argument on appeal. *See State v. Simons*, 201 W. Va. 235, 239, 496 S.E.2d 185, 189 (1997) (citation omitted) ("This Court has firmly established that '[w]here objections were not shown to have been made in the trial court, and the matters concerned were not jurisdictional in character, such objections will not be considered on appeal.'").

Even more critically, aside from briefly stating that the circuit court erred in considering the therapist's letter in terminating his parental rights, petitioner fails to make any argument that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner is entitled to no relief on appeal because he fails to identify any alleged error on the part of the circuit court in terminating his parental rights. Upon our review, we find that the circuit court had ample evidence upon which to base its finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon such a finding. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Therefore, to the extent petitioner argues the circuit court erred in terminating his parental rights, his failure to cite to any evidence or authority supporting his position is fatal to this argument, and we, therefore, find that he is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 2, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: October 13, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton